[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved to dismiss this action, which was brought pursuant to § 47-43 of the General Statutes, the entry and detainer provision. The court signed an ex parte injunction[1] and a hearing was scheduled; see § 47a-43 (b) of the General Statutes; at that hearing, the defendant filed the instant motion to dismiss.
The verified complaint alleges that the plaintiff is a tenant operating a law practice in premises currently owned by the defendant. Since September 30, 1997, the complaint avers, the defendant has failed to "turn on the heat" despite request, but has, since October 27, 1997, provided space heaters. The space heaters, it is alleged, not only do not adequately warm the premises but also cause problems with the electricity, sometimes causing computer "crashes". The defendant has also allegedly locked outer doors, so that it is difficult for the public to have access to the law office; keys have allegedly been provided to the staff of the plaintiff's office. This situation is allegedly hazardous as well as inconvenient and not conducive to the practice. A person providing security has also been removed.
On these facts, the plaintiff claims that an entry and detainer as defined in §§ 47a-43 et seq. has occurred and injunctive relief is sought, as well as monetary damages for business interruption and lost business, for infliction of various sorts of emotional distress under different theories, and for the return of rent for October and November and of the security deposit. Finally, the plaintiff seeks double damages and costs including attorney's fees pursuant to § 47a-46 of the General Statutes.
The defendant claims that the allegations of the complaint, presumably read in a manner most favorable to the plaintiff, do not state a cognizable entry and detainer action.[2] The defendant argues that the allegations do not fit any of the subsections of § 47a-43 (a), as there has been no force or "strong hand" and there is no allegation that the plaintiff is not in possession at this time, so that there is no deprivation of possession. After consideration of the authority cited by both CT Page 12115 sides, as well as other authority, I have come to the conclusion that the allegations, construed most favorably to sustaining a cause of action, do not state a cause of action pursuant to §47a-43.
The entry and detainer statutes are among the oldest still in effect, they were designed to avoid violence and to impose a stiff penalty on unlawful dispossessions. Subsection (1) prohibits the forcible entry into premises and their detention by "strong hand"; subsection (2) prohibits peaceable but nonconsensual entry and detention "with force and strong hand"; subsection (3) prohibits entry of any sort and the subsequent removal of property or damage to property or the premises; and subsection (4) prohibits the creation of a situation whereby the party "put out of possession" would have to damage the premises or breach the peace to restore himself to the premises. The "strong hand" referred to in the first two subsections means an unusual number of people, the use of weapons, the threat of violence or actual violence, or other similar scenarios calculated to intimidate the tenant or to deter him from asserting his rights. Bourque v. Morris, 190 Conn. 364, 367
(1983); Hartford Realization Co. v. Travelers Insurance Company,117 Conn. 218, 224-25 (1933). As noted in Berlingo v. SterlingOcean House, Inc., 203 Conn. 103, 108 (1987), the nature of the entry and detainer action is to provide a specific process for one who has been deprived of the possession and enjoyment of premises. Subsections (3) and (4) do not necessarily require a "strong hand"; Bourque v. Morris, supra; but they are inapplicable to the fact pattern at hand.[3]
It may be argued that the defendant, if the allegations are true, has violated the spirit of the entry and detainer statutes by attempting to oust the plaintiff by other than lawful process, to wit, the summary process procedure.[4] Although it may turn out to be true that the defendant has violated the spirit of the law, I do not believe that it is appropriate for the court to expand the scope of the statute. As a statutorily created right of action, it is, like the summary process provisions, to be strictly construed; see, e.g., Harbor View Building Corp. v.Baron, 10 Conn. Sup. 100 (1941); and more general actions for injunctive relief, including ex parte relief[5], and damages would seem to be available in circumstances where the more specific statute does not apply.
The motion to dismiss is granted insofar as the entry and CT Page 12116 detainer action is concerned. I will deem the complaint, at this point, to assert a claim for injunctive relief pursuant to §§52-471 et seq. of the General Statutes, so that the ex parte injunction is in effect, at least until the hearing scheduled for December 1, 1997.
Beach, J.